# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0951 | **DATE** | February 25, 2011 |
| **CASE TITLE** | Quinton Beasley (B-69081) v. Vahey | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied.  Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim and lack of federal subject matter jurisdiction.  The case is terminated.  Plaintiff's  motion for appointment of counsel [4] is denied as moot.

■[For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

     Quinton Beasley, an inmate at the Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is denied.  Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury.  The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account.  The Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff's motion is incomplete because it does not contain a certified statement of his trust fund account.  However, as discussed below, Plaintiff fails to state an actionable federal claim.  Thus, the Court will not require Plaintiff to file a new motion for leave to proceed *in forma pauperis.*

     Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

     Plaintiff contends that his defense attorney from the public defender's office provided ineffective assistance of counsel during his state criminal proceedings.  Plaintiff cannot recover under 42 U.S.C. § 1983.  To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right.  *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004).  In this case, Plaintiff is not suing a state official; rather, he is suing his public defender.  Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Chapman v. Burton Berger & Associates, Ltd.*, 159 B.R. 812,  8 (N.D. Ill. 1993), *aff'd* 46 F.3d 1133 (7th Cir. 1995), *cert. denied*, 516 U.S. 853 (1995).  Plaintiff's claims are therefore not actionable under 42 U.S.C. § 1983.

     Although the Court is required to construe the *pro se* complaint liberally, the Court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties.  Any cause of action for legal malpractice, negligence, breach of fiduciary duty, or any other tort must be brought in state court.

## STATEMENT

Plaintiff may have a viable claim for ineffective assistance of counsel sounding in habeas corpus, but only after he exhausts available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Litscher*, 178 F.3d at 500.

For the foregoing reasons, this suit is dismissed for failing to state a federal claim and lack of federal subject matter jurisdiction. The dismissal entered here is without prejudice to pursuing any avenues of relief that may be available in state court or under federal habeas law.